UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JEANETTE MOURET | CIVIL ACTION NO. 6:18-cv-01639 |
| VERSUS | JUDGE SUMMERHAYS |
| WALMART, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

This lawsuit originated in the 16th Judicial District Court, Iberia Parish, Louisiana. It was removed by defendants Walmart, Inc. and Wal-Mart Louisiana, LLC (erroneously referred to in the plaintiff's petition as Walmart, Inc.) (collectively referred to hereinafter as "Wal-Mart"). (Rec. Doc. 1). In the removal notice, Wal-Mart alleged that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 636 and the standing orders of the court, this Court undertook a *sua sponte* analysis of subject-matter jurisdiction, found that the amount-in-controversy requirement is satisfied (Rec. Doc. 11 at 2), and found that the plaintiff is diverse in citizenship from all of the defendants except Chas Bernard (Rec. Doc. 11 at 4). Wal-Mart argued, however, that Mr. Bernard's citizenship should be disregarded because he was improperly joined. Therefore, this Court ordered the parties to brief the issue of improper joinder. (Rec. Doc. 11 at 5). The parties complied with the briefing order. (Rec. Docs. 12, 13).

Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court now finds that the plaintiff has no reasonable possibility of recovery against defendant Chas Bernard, that Mr. Bernard was improperly joined as a defendant in this lawsuit, and that the plaintiff's claims against Mr. Bernard should be dismissed.

## Background

In her petition, the plaintiff, Jeanette Mouret, alleged that she was injured on or about May 15, 2018, when she slipped and fell in the Wal-Mart store on Admiral Doyle Drive in New Iberia, Louisiana. She alleged that, while walking near the meat department, she encountered a substance on the floor that caused her to slip and fall. She did not identify the allegedly hazardous substance. Ms. Mouret sued Wal-Mart, its alleged insurer,[1] and its employee Chas Bernard.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Remand is required "[i]f at

---

[1] The plaintiff's claims against the alleged insurer were voluntarily dismissed before the suit was removed. Therefore, as explained in this Court's prior order (Rec. Doc. 11 at 4), the citizenship of that entity is not considered in the diversity calculus.

[2] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3]

A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants.[4] A removing party bears the burden of establishing diversity jurisdiction.[5] "Any ambiguities are construed against removal and in favor of remand to state court."[6]

The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[7] The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"[8] "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[9]

---

[3] 28 U.S.C. § 1447(c).

[4] See 28 U.S.C. § 1332(a).

[5] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397 (citing *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723, and *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[7] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

[8] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[9] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573.

To establish improper joinder, Wal-Mart must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiff's inability to establish a cause of action against the nondiverse party in state court.[10] Here, there is no allegation of actual fraud. Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]

A defendant who contends that a nondiverse party is improperly joined has a heavy burden of proof.[12] The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.[13] The sufficiency of a plaintiff's state-court petition for purposes of the improper

---

[10] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

[11] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573(citing *Travis v. Irby*, 326 F.3d at 648).

[12] *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

[13] *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

joinder analysis is measured under federal court pleading standards.[14] Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[15]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[18] As part of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pleaded facts.[19] Second, the court must review the well-

---

[14] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[15] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.

[16] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

[19] *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

pleaded factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[20] "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[21]

In deciding whether a defendant was improperly joined, a court must proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court."[22]

Thus, a court, in its discretion, must either conduct a Rule 12(b)(6)-type analysis, or pierce the pleadings and conduct a summary inquiry.[23]

Importantly, a "summary inquiry" should not be confused with a "summary judgment inquiry." In a summary inquiry, the court considers summary-judgment type evidence, but "the standard for finding improper joinder is not the summary

---

[20]  *Ashcroft v. Iqbal*, 556 U.S. at 679.

[21]  *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

[22]  *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations omitted).

[23]  See *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 207.

judgment standard in which an absence in the plaintiff's proof alone can be fatal."[24] Instead, the removing defendant must affirmatively preclude the possibility of recovery.[25] In a summary inquiry, any contested issues of fact and any ambiguities of state law must be resolved in the non-removing plaintiff's favor.[26]

The claim asserted against Mr. Bernard in this case is indistinguishable from the claim asserted against his alleged employer, Wal-Mart. The plaintiff alleged that both Wal-Mart and Mr. Bernard owed a duty to the patrons of the store where the incident allegedly occurred to exercise reasonable care to keep the store's premises in a reasonably safe condition. More specifically, Ms. Mouret alleged that Wal-Mart and Mr. Bernard failed to provide a safe environment for the store's customers, failed to warn Ms. Mouret of a dangerous situation, failed to use a wet floor sign correctly, negligently trained store employees, failed to remedy the hazard presented by the substance on the floor, failed to exercise reasonable care for the store's customers, and failed to implement appropriate procedures that would have detected and remedied the presence of the substance on the floor. There is no allegation in the petition suggesting that Mr. Bernard owed any duty separate from the duties allegedly owed by Wal-Mart.

---

[24] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

[25] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

[26] *Travis v. Irby*, 326 F.3d at 649.

The analysis set forth in *Canter v. Koehring Co.*[27] governs whether Mr. Bernard may be held personally liable in this case.[28] Under *Canter*, an employee is personally liable only when (1) the employer owes a duty of care to a third party, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant employee; (3) the employee breached the duty through personal (not technical or vicarious) fault; and (4) the employee cannot be held liable because of his general administrative responsibility for performance of some function of the employment. Therefore, "in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer."[29]

"Among the requirements for imposing personal liability on a managerial employee is that he breached his duty through personal rather than technical or vicarious fault. Such fault cannot be imposed upon the employee simply because of his general administrative responsibilities. Because of these requirements, courts have routinely held that retail store and restaurant managers were not personally

---

[27] *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), superseded by statute on other grounds, La. R.S. 23:1032.

[28] See, e.g., *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th 2009).

[29] *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958, 960 (W.D. La. 1995).

8

liable for a customer's injury on a store premises when the manager had no connection to the accident other than general managerial responsibilities."[30]

In support of their argument that Mr. Bernard was improperly joined, Wal-Mart submitted Mr. Bernard's affidavit. There, Mr. Bernard stated that he did not cause the substance that Ms. Mouret allegedly slipped on to be on the floor, he had no knowledge before she fell that there was a substance on the floor that should not have been there, and his first notice of any such substance was when he responded to the scene after Ms. Mouret had already fallen. (Rec. Doc. 12-1). Therefore, Mr. Bernard had no duty to warn Ms. Mouret, to use a wet floor sign, or to remedy the hazard presented by the substance on the floor. Any duty that Mr. Bernard might have had to establish procedures with regard to the presence of hazardous substances on the floor of the store or to train the store's employees with regard to those procedures fell upon him because he was Wal-Mart's "support manager" and therefore was responsible for the administration of the store. There is no allegation that Mr. Bernard personally created the allegedly hazardous condition, and he denied in his affidavit that he did so. There is no direct allegation that Mr. Bernard had personal knowledge of the allegedly hazardous substance on the floor but failed to remedy it, and he expressly denied any such knowledge as well as any such failure

---

[30] *Watson v. Daniel*, No. 14-cv-1122, 2015 WL 737650, at *4 (W.D. La. Jan. 9, 2015), report and recommendation adopted, 2015 WL 737048 (W.D. La. 2015).

9

to remedy the situation. The allegations in the petition are very general, and there are no allegations that Mr. Bernard did or failed to do anything that fell outside his sphere of responsibility as the "support manager" of the store. Therefore, there is no basis for personal liability under *Canter*.

For an employee of the defendant entity to be liable, he must owe a personal duty to the plaintiff that did not arise out of the defendant employee's general administrative responsibilities. No such personal duty has been identified in this case. The plaintiff did not allege that Mr. Bernard owed or breached a personal duty to Ms. Mouret that arose outside the scope of the duties for which Wal-Mart is vicariously liable. Accordingly, this Court finds that the removing defendants met their burden of showing that the plaintiff has no reasonable possibility of recovery against Mr. Bernard and, therefore, that Mr. Bernard was improperly joined as a defendant in this action.

When Mr. Bernard's citizenship is disregarded, as it must be since he was improperly joined, the plaintiff and the remaining defendants are diverse in citizenship. Having found that the amount in controversy exceeds the jurisdictional minimum and that the properly joined parties are diverse in citizenship, the undersigned finds that this Court has subject-matter jurisdiction over this matter, under 28 U.S.C. § 1332.

Having found that the plaintiff has no reasonable possibility of recovery against the nondiverse defendant, Mr. Bernard, it is recommended that summary judgment be entered *sua sponte* in favor of Mr. Bernard and against the plaintiff, dismissing the plaintiff's claim against Mr. Bernard. "Summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."[31] However, it is recommended that the claim against Mr. Henson be dismissed without prejudice. As the Fifth Circuit has explained, "the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance."[32]

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's claims against Chas Bernard should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

---

[31] *Carriere v. Sears*, 893 F.2d 98, 102 (5th Cir. 1990). See, also, Rule 56(f)(3) of the Federal Rules of Civil Procedure.

[32] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 210 (emphasis in original).

11

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[33]

Signed at Lafayette, Louisiana, this 29th day of April 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[33] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).